IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

---

In Equity.

WILLIAM B. PEIRCE, Spec. Admr., *vs.* FRANK H. WOODBURY.

Penobscot.    Opinion February 27, 1905.

*Equity.    Issues.    Decree.    Findings of Fact.    Executors and Administrators. Assets of Estate.    Appropriation by Decedent.    Chancery Rules 27, 28, 29.*

In a bill in equity, an allegation of material matter and a direct denial of that allegation in the answer frames an issue of fact.

Neither our statute, nor the usage and practice in courts of equity, require any finding of facts, as preliminary to the validity of a decree in equity. While it is a growing practice in this state to file a finding of facts with the decree, yet the propriety of doing so rests wholly within the discretion of the sitting justice.

In a majority of cases the finding of facts by one who has heard the case is both satisfactory to the parties and helpful to the appellate court.

But if the justice does make a finding of fact, and therein declares none inconsistent with the allegations of the bill, the omission to find other facts that might have been found will in no way affect the validity of the decree.

To constitute, in law, an appropriation for special purposes so that the executor or administrator has no right to the fund appropriated, it must appear that the conditions upon which the deposit was made are performed. The very essence of the rule of special appropriation is that all directions are complied with by the depositary.

On appeal in equity by defendant.    Appeal dismissed.

The facts sufficiently appear in the opinion.

*T. W. Vose, Charles Hamlin, and Hugo Clark,* for plaintiff.

*P. H. Gillin, T. B. Towle, C. A. Bailey and T. D. Bailey,* for defendant.

SITTING: WHITEHOUSE, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J. This is a bill in equity and comes up on appeal by the defendant. The bill avers that the plaintiff's decedent had on deposit in the Savings Banks of Bangor the sum of thirty-nine hundred fifty-eight and 21-100 dollars; that, being advised that she could live but a few months she gave said deposits to her son, in trust, for the following purposes, viz :

The whole or any part thereof to be paid over to her and her creditors from time to time for her use, care, comfort and convenience during her lifetime, to pay her funeral expenses, erect a tablet at her grave similar to the one at the grave of his father in Exeter, Me., and pay all her debts, and the remainder, if any, keep for his own use and benefit; and it was further agreed that said sums when taken from the said banks were to be by him kept in a box in some safety deposit vault, he to keep one · key thereof and one to be kept by his cousin, her nephew, Fred B. Robinson; that the defendant accepted said deposits for the purpose of executing said trust and carrying out said agreement and promised to do so; that he had not only neglected and refused to keep his promise but claimed that said deposits were not transferred to him in trust but as an absolute gift. Further reference to the provisions of the bill are not necessary as the finding of facts by the justice hearing the cause fully states the case, as follows:

"The plaintiff, Mary H. Deering, being confined to her home in Brewer with a lingering and painful disease in February, 1903, had money on deposit in the Bangor Savings Bank and Penobscot Savings Bank amounting to nearly $4000. She had at the time next hereafter named no other money or property. About February 20th of that year she gave orders on each bank transferring the entire sum in each to her son Frank A. Woodbury. He drew out all the money

from both banks, and instead of depositing it to his own credit, he converted it all into coin or currency, and deposited the coin and currency in a safe deposit box in the vaults of Tyler, Fogg & Co.

"She did not give him the money as an absolute, present gift, but she entrusted it to him and he accepted it as her bailee or treasurer to pay over to her, on her order, on demand during her life, as she might call for it, and if any remained at her death to pay certain bills, and if any then remained to keep such remainder as his own. Out of the sum so received by him Mr. Woodbury has paid to her and her order during her life certain sums, and has also since her death paid certain bills according to her expressed wish before death." The last paragraph of the finding being embodied in the decree is omitted.

Upon this finding the court decreed:

1.   The bill is sustained with costs, and the injunction heretofore issued against the said Frank A. Woodbury in this cause is continued.

2.   All the money, funds, coin and currency received by the said Frank A. Woodbury from the said Mary H. Deering as set forth in the bill was, and continues to be, the money, funds, coin and currency of the said Mary H. Deering until her death, and the same now are of the estate of the said Mary H. Deering in the hands of the plaintiff as special administrator thereof.

The decree then appointed a special master in chancery with the consent of the parties to examine the accounts and vouchers of the said Frank A. Woodbury and state the account between the said Frank A. Woodbury and the said Mary H. Deering. The special master reported that he found funds in the hands of the defendant to be turned over to the administrator in the sum of $2893.68.

Objection was made to the acceptance of the report by the defendant but the objection was overruled and the report accepted, to which ruling the defendant excepted, and the exception was overruled. The case then came on to be further heard upon the master's report and the justice further decreed:

"That the above named defendant, Frank A. Woodbury, shall and is hereby ordered to pay, transfer and deliver the coin, currency, and monies in whatever form entrusted to him by the said Mary H.

Deering in her lifetime as her bailee, as alleged in the said bill in equity and as heretofore adjudged, to the full amount of twenty-eight hundred and ninety-three dollars and sixty-eight cents, ($2893.68) to William B. Peirce, special administrator of the estate of the said Mary H. Deering now deceased, within ten days after service upon him of a copy of this decree."

After a careful investigation of the evidence we find no occasion whatever for disturbing the decree upon the merits of the case. The decree necessarily finds that the defendant failed to perform the conditions upon which the deposits entrusted to him were to become his vested property, and is amply supported by the evidence. The testimony is so overwhelmingly against the contention of the defendant upon this point that we deem it unnecessary to again allude to it upon this branch of the case.

The defendant raises several legal objections, however, to the validity of the decree.

1.   He says the bill sets forth a trust, a purely equitable relation; that Mrs. Deering, the plaintiff's decedent in her deposition claimed a trust; that the answer denied a trust but asserted a gift; and that after hearing the evidence the justice found no trust and also no gift, but only a bailment, a purely common law relation.

2.   That the decree does not follow the allegations in the bill, the justice finding no trust but a bailment, and that, upon such a finding the bill should have been dismissed; that a person cannot allege one state of facts, prove another and obtain relief; that evidence without allegation is as futile as allegation without evidence.

3.   That the decree cannot stand and that the bill should be dismissed because the plaintiff's decedent by her own will duly proved and allowed dismissed this whole proceeding, since the justice did not find that the conditions imposed by the will were not performed.

The first and second objections may be considered together both being based upon the assertion that the justice in his decree found no trust. That is, his counsel, in their brief, say "assuming for the sake of argument that the judge who tried the case is correct in his findings of fact then the defendant claims that the decree cannot be

sustained because it does not follow the pleadings." Let us see just what the issues tried out in the case were.

The bill alleged 1, a trust; 2, certain conditions to be performed under the trust; 3, that, if the conditions were performed, then whatever was left of the trust fund should become the absolute property of the defendant. On the other hand the defendant in his answer, does not merely set up an absolute perfected gift of the trust funds to himself, but "denies that the plaintiff ever gave him any money to hold in trust for her support and maintenance." Support and maintenance are very broad terms and as used in the defendant's answer traversed the substance of the plaintiff's whole bill.

Now an allegation in a bill of a material matter and a direct denial of that allegation in the answer we confidently assert frames an issue of fact. In the case at bar this issue was not only framed and joined but thoroughly tried out as the defendant's own testimony will disclose. A single question and answer of the defendant's, bearing directly upon this issue, is amply sufficient to show that the defendant in his testimony not only set up a gift but denied the existence of any condition under the trust as alleged in the bill. Q. Whether your mother at any of the conversations between you and her made it a condition that you should let her have what money she wanted while she lived? Ans. She never made any condition. The rest of the answer was not responsive but emphasized the denial. In fact the defendant was subjected to a long and searching cross examination upon this very point. The testimony of the plaintiff was fully developed upon this issue.

There can be no question but that the pleadings framed an issue that was thoroughly tried out, and the proof strictly followed the allegations.

But the defendant also says in these two objections that, even if the allegations were proven as a matter of fact the justice in his findings of fact and decree filed negatived the existence of a trust; found that no trust existed.

This interpretation cannot be placed upon either the findings of fact or the construction of the decree. But suppose they do not affirmatively find a trust, then arises a question in equity practice to

which it may, perhaps, be interesting to allude. Does our equity practice require any finding of facts as a necessary prelude to the validity of a decree? We are unable to find any such requirement. The statute does not mention it nor does the usage and practice in courts of equity require it. Rules 28 and 29 of chancery practice of this court relating to decrees are silent upon the matter, but by implication clearly show that a statement of facts is not necessary. Rule 28 provides that when a party is entitled to a decree in his favor "he shall draw the same and file it, and give notice." Most certainly the "party" would not be expected to make a finding of facts as a part of the decree. Rule 29 provides for the filing of a bare decree and prescribes the form.

It is undoubtedly true that in other jurisdictions the practice is quite common, and is a growing practice in this state, for the justice hearing the cause to file a finding of facts with the decree. But the determination of this question rests wholly in the discretion of the sitting justice. In a majority of cases a finding of facts by one who has heard the case is both satisfactory to the parties and helpful to the appellate court. But cases may arise and do occur, when the presiding justice may feel that the rights of the parties should not be influenced, upon the one side or the other, by the effect of a finding, which has all the force of a verdict of a jury. There was no legal obligation resting upon the justice hearing the cause to find any statement of facts at all. But if he does make a finding of facts and therein declares none in contradiction of the allegations of the plaintiff's bill, the omission to find other facts, that might have been found, will not in any way affect the validity of the decree sustaining the bill. A bare decree is all that our statutes or equity practice requires; hence it would seem reasonable that if the decree is valid without any facts found, it certainly should not be declared invalid, because some are found and others omitted, when the facts that are found are in harmony with the allegations of the bill.

Did the sitting justice in the finding of facts negative the existence of a trust, as asserted by the defendant? We think it will clearly appear that he made no negative finding whatever; hence there was no finding of facts repugnant to the allegations of the bill.

The defendant's third objection to the decree is because he says the plaintiff's decedent by her own will duly approved and allowed dismissed this whole proceeding. This objection is based upon the fact that Mary H. Deering after she entered into the alleged trust relation with her son executed a will in which she referred to the trust relation with her son as follows:

"To my son Frank A. Woodbury of Brewer, Maine, I give the sum of one dollar. He now holds all the money I lately had on deposit in the Bangor Savings Banks in trust, however, for the following purposes, the whole or any part thereof to be paid over to me and my creditors from time to time for my use, care, comfort and convenience so long as I live; to pay my funeral expenses, erect a tablet at my grave as hereinbefore requested and pay all my debts. If he faithfully executes said trust the remainder I give to him. If he does not so execute said trust such remainder shall become a part of the residuum of my estate and pass under the third clause hereof."

The defendant says "this constituted in law an appropriation for special purposes and the executor had no right to the fund unless the defendant had not performed the conditions. The issue as to whether the defendant had fulfilled the conditions was not raised, tried out, or decided. The issue raised by pleadings was whether defendant took the money as a gift or in trust. Yet the judge who heard the case, ignoring the provisions of the will made a decree that defendant should turn the money over to the executor, who we say was not entitled to it until he proved his right."

We have practically covered the ground of this objection in discussing the question of what issues were framed by the pleadings and tried out by the evidence. But there is another rule which will apply to the solution of the question raised by the last objection. Rule 27 of Chancery Practice declares that "all allegations of facts well pleaded in bill, answer or plea, when not traversed, shall be taken as true." Now if it were a fact that the defendant's answer put in issue only the question of a gift or trust, the other allegations in the bill, setting forth the conditions of the trust and that those conditions had not been fulfilled, would under the rule be taken as true.

But as a matter of fact as we have hereinbefore seen the question of whether the conditions of the trust were fulfilled was put in issue and tried, hence there is no occasion for the application of the rule.

The decree sustains the bill, and therefore supplements the finding of facts, and by necessary implication declares that the allegations in the bill, setting out the conditions of the trust and their non-performance, are true. And the conditions not being performed the doctrine of special appropriation invoked by the defendant does not apply. As stated in defendant's brief, 11 Am. & Eng. Ency. of Law, 835, "If a decedent in his lifetime deposit with a third person money or property with directions to use it for particular purposes, and such directions are complied with by the depositary, though after the death of the decedent, he is not liable to the executor or administrator as for assets of the decedent in his hands." But the very essence of this rule is that the "directions are complied with by the depositary."

The defendant also contends as a reason independent of the merits of the case or the other legal questions involved, that the appeal should be sustained and the case remanded as he was denied his constitutional right of a trial by jury. But this claim is based upon the assumption that the relations existing between the plaintiff's decedent and the defendant were legal and not equitable. But this assumption cannot prevail. The constitutional right asserted did not exist.

The bill, in this case, alleges equitable relations. The answer, as before seen, traversed the allegations of the bill and framed issues of fact that were fully tried out. The decree sustains the bill, and by necessary implications confirms all the facts alleged in the bill not expressly negatived in the decree or finding of facts filed with the decree.

*Appeal dismissed. Decree below affirmed with additional costs.*